UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G.M. SIGN, INC., an Illinois Corporation, individually and as the representative of a class similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | |
| PLASTIC-MACH CORP. and ROBERT ROSEN and JOHN DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, Plastic-Mach Corp. and Robert Rosen, by and through their attorneys, and pursuant to 28 U.S.C. §1446(a) and 1453(b), hereby remove the above captioned action, pending in the Circuit Court of Lake County, Illinois as Case No. 12 CH 1695 to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is based upon 28 U.S.C. § 1331 and 1441. For their petition, the Defendants state as follows:

1. This case is a re-filing of a prior case, *G.M. Sign, Inc. v. Plasti-Mach Corp*, 10-cv-7854, that was dismissed by the Honorable Ruben Castillo without prejudice on April 4, 2012 (the "Prior Case") after he commented that the Plaintiff's counsel had "totally botched this case up".

2. The day after Judge Castillo's ruling, Plaintiff, G.M. Sign, Inc. on behalf of itself and purportedly for a class of those similarly situated, filed a complaint with the Circuit Court of Lake County, Illinois (the "State Court Case"). The State Court Case was assigned Case No. 12 CH 1695.

3. Like the Prior Case, the State Court Case alleges a violation of the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") and a common law claim for conversion. A copy of the Complaint and all pleadings served upon Defendants is attached hereto as Exhibit A.

4. This Court has jurisdiction over Plaintiff's putative class action because it arises under the laws of the United States, specifically the TCPA. Plaintiff has admitted that jurisdiction is proper as it brought the Prior Case, alleging the same claims, in Federal Court on the basis of federal jurisdiction.

5. The Complaint alleges that Defendants violated 47 U.S.C. § 227 by sending an unsolicited facsimile.

6. This Court possesses original jurisdiction over all cases arising under the laws of the United States. 28 U.S.C. § 1331. In the State Court Case, Plaintiff seeks recovery under the TCPA, a federal statute which vests jurisdiction in federal court. *See, Mims v. Arrow Financial Services, LLC* 565 US __ (2012)("Because federal law creates the right of action and provides the rules of decision, [the] TCPA claim, in 28 U. S. C. §1331's words, plainly "aris[es] under" the "laws. . . of the United States."); *Brill v. Countrywide Home Lonas, Inc.*, 427 F. 3d 446, 449-51(7th Cir. 2005).

7. This Court possesses removal jurisdiction under 28 U.S.C. §1441(a). TCPA actions may be removed because a claim that a defendant violated the TCPA is a claim under federal law. *See, Brill* at 449.

8. This Court has supplemental jurisdiction over Plaintiff's common law conversion claim because it is so related to the TCPA claim that they form part of the same cause or controversy. *See,* 28 U.S.C. §1367. Supplemental jurisdiction should not be refused, as

Plaintiff's claims raise no novel or complex issue of state law, nor do Plaintiff's state or common law claims predominate over its federal claim. *See,* 28 U.S.C. § 1367(c).

9. Defendants have filed this Removal petition less than 30 days after being served.

10. As such, this notice is being filed with the U.S. District Court for the Northern District of Illinois within 30 days of determining that the case was removable to this Court. *See* 28 U.S.C. §1446(b)

11. This Court is situated in the district and division serving the location of the State Court Case.

12. The Moving Defendants are the only known Defendants to have been served. Purported Defendants John Does are unknown, and to Defendants' knowledge have not been served, nor any other summons issued.

WHEREFORE, the State Court Case should proceed in the United States District Court for the Northern District of Illinois, Eastern Division as an action properly removed thereto.


Dated: April 27, 2012                                      Respectfully submitted,
                                                           **PLASTIC-MACH CORP. and ROBERT ROSEN**

                                                           By: /s/ David J. Fish_____
                                                                   One of its Attorneys

David J. Fish
THE FISH LAW FIRM, P.C.
Main Street Promenade
55 S. Main Street, Suite 341
Naperville, IL 60540
(630) 355-7590