# SUMMONS

## IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

G.M. SIGN, INC., an Illinois corporation, individually )
and as the representative of a class of similarly- )
situated persons, )
)
)
)
                                              Plaintiffs )

        vs. )

PLASTIC-MACH CORP., ROBERT ROSEN and )
John Does 1 - 10 )
Serve: Plastic-Mach Corp c/o Robert Rosen as officer )
and Robert Rosen, individually )
1415 Round Pointe Dr. FL 4 Haverstraw, NY 10927 )
OR 704 Executive Blvd., Valley Cottage, NY 10989 )
                                             Defendants )

No. 12 CH 1695

To each of the above-named defendants:

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

    This summons may not be served later than 30 days after its date.

WITNESS SALLY D. COFFELT, Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of APR 05 2012 _____ A.D., 20 ____

_Sally D. Coffelt_
SALLY D. COFFELT, Clerk

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) Anderson+Wanca
3701 Algonquin Rd., Suite 760
Address Rolling Meadows, IL 60008
Telephone 847-368-1500

Date of Service: _____, 20 ____
(To be inserted by officer on copy left with defendant or other person.)

171-138 Rev 8/09

SHERIFF'S FEES
( Service and return .................................$_____
(
( Miles_____ .............................$_____
(
( Total......................................................$_____

_____
Sheriff of _____ County

I certify that I served this summons on defendants as follows:
(a)-(Individual defendants – personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____

_____

_____

(b)-(Individual defendants – abode):
By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

Name of defendant            Mailing Address                    Date of mailing

_____    _____    _____

_____    _____    _____

(c)-(Corporate defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:
Defendant corporation       Registered agent, officer or agent        Date of Service

_____    _____    _____

_____    _____    _____

(d)-(Other service):

_____

_____

_____, Sheriff of _____ County

By: _____
(Deputy)

# IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

G.M. SIGN, INC., an Illinois corporation, )
individually and as the representative of a )
class of similarly-situated persons, )
                                            )
                      Plaintiff, )
     v.                       ) No. 12 CH 1695
                                            )
PLASTI-MACH CORP., ROBERT ROSEN )
and JOHN DOES 1-10, )
                                            )
                    Defendants. )

FILED APR 05 2012

## CLASS ACTION COMPLAINT

Plaintiff, G.M. SIGN, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, PLASTI-MACH CORP., ROBERT ROSEN and JOHN DOES 1-10 ("Defendants").

### PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of sending unsolicited facsimiles.

2. The Federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and the common law of conversion.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants has transacted business and committed tortious acts related to the matters complained of herein.

7. Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9. On information and belief, Plaintiff, G.M. SIGN, INC., is an Illinois corporation with its principal place of business in Lake County, Illinois.

10. On information and belief, Defendant, PLASTI-MACH CORP., is a New York corporation.

11. On information and belief, Defendant, ROBERT ROSEN, is and was, at all relevant times, an officer, director, shareholder and control person of PLASTI-MACH CORP.

JOHN DOES 1-10 will be identified in discovery but are not presently known.

12. On information and belief, Defendant ROSEN approved, authorized and participated in the scheme to broadcast by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the facsimiles; (c) creating and approving the form of facsimile to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the facsimiles.

## FACTS

13. On or about March 28, 2007, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

14. Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

15. Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

16. Plaintiff had not invited or given permission to Defendants to send faxes.

17. On information and belief, Defendants faxed the same or similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

18. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

19. This is the second class action suit brought against Defendants. On December 10, 2010 another suit was filed which tolled the statute of limitations for plaintiff and the entire class.

20. Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

21. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

22. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to December 10, 2010, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

23. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which he sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants violated the provisions of 47 USC § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendants should be enjoined from faxing advertisements in the future;

(viii) Whether the Court should award trebled damages; and

(ix) Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

24. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

25. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

26. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

27. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

28. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

29. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

30. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

31. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if his actions were only negligent.

32. Defendants knew or should have known that (A) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (B) that Plaintiff and the other class members did not have an established business relationship with Defendants, (C) that Exhibit A and the other advertisements sent were advertisements, and (D) that Exhibit A and the other

advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

33. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' unauthorized faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' unauthorized faxes interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

34. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, PLASTI-MACH CORP., ROBERT ROSEN and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

35. Plaintiff incorporates paragraphs 1, 3, and 6 through 19 as and for its paragraph 35.

36. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five years prior to December 10, 2010, were sent telephone facsimile messages by or on behalf of Defendants.

37. A class action is proper in that:

    (a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

    (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

        (i) Whether Defendants engaged in a pattern of sending unsolicited faxes;

        (ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which he sent Exhibit A and other unsolicited faxes; and

        (iii) Whether Defendants committed the tort of conversion.

38. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving improper business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

39. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

40. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly converted their fax machines, toner and paper to his own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

41. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

42. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

43. Defendants knew or should have known that his misappropriation of paper, toner, and employee time was wrongful and without authorization.

44. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

45. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unauthorized faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

46. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, PLASTI-MACH CORP., ROBERT ROSEN and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

Respectfully submitted,

G.M. SIGN, INC., individually and as the representative of a class of similarly-situated persons

By: *Brian Wanca*

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ARDC No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
ARDC No. 6224502

**EXHIBIT A**

## "Serving the Plastics Industry with Quality Used Equipment since

### YOUR SOUCE FOR QUALITY PREOWNED
**Thermoformers    Extruders    Trim Presses    CNC Routers    Lab Machines**

### Roll Fed Thermoformer

**1996 Sencorp Model 2500 #8484**
30 in x 33 in forming area
120 in ovens quartz oven
Servo index, form/trim/stack master tooling
Hole Punch (EXCELLENT)

**1992 Lyle 130FT36 Inline #8454**
Max mold 30"x 36"
Max Draw (Top & Bottom) 6"
Pressure Form Capacity @ 100psi 54 Tons
Oven Length 108", Calrod Multizone
Servo Index / Parts Stacker (many upgrades)

**1996 Armac 2025 Inline #8472**
20" X 25" Forming Area
Servo/form/trim/stack, motorized xy adjustmnt
Master tooling/temp control/chiller/ (Like New)

**1992 Sencorp Model 2500 Inline #8034**
Servo/Form/trim/stack quartz oven
(PriceReduced)

**1985 Armac Model 2530 Inline #5310**
25 x 30" Forming Area
Preheat Radiant panel oven Servo
Form/Trim/Stack
(under power, well maintained)

### "Thermoformers R Us"

### Sheet Fed Thermoformers

**2000 Maac ASP, #8424**
30 x 36 max mold size
Ceramic multi-zone oven
Vacuum system

**1994 Drypol 72" x 144"**
Motor platens, deep draw
Multizone ceramic ovens
Fully automatic cycle

**1993 PVI 404xx DPA**
48" x 48" max mold size
Multizone top & bot ovens
Top and bottom platens

**1996 Shuman 72" x 144"**
16 zone top oven, auto
clamps
Vacuum system

**1993 Brown 84" x 132"**
Deep draw, dual
ovens/platens
A/B processor, vacuum
system

**Rebuilt Comet Star 3' x 4'**
40 zone ceramic oven
Dual motor driven platens

Member Since 1982


MACHINERY DEALERS
NATIONAL ASSOCIATION

**Call us today with your surplus equipment**

**We have clients ready to purchase**

- 5 AXIS CNC ROUTERS
- THERMWOODS
- MOTIONMASTERS
- KOMOS

<<<<< News Flash >>>>>

*Coming in Soon*
1998 Sencorp HP 12 E
1997 Maac 5 x 7 3 station
2001 Sencorp Model 2500

*For photos,   videos and complete inventory   visit our web site   www.plastimach.com*

---

For more great deals, visit our website: *http://www.plastimach.com*

Company:_____

Name:_____

Tel:_____ Fax:_____

❑ I HAVE EQUIPMENT FOR SALE
❑ I have a need for equipment
❑ Please have a salesman call

FAX BACK FORM
Fax: 845-267-2825
Tel: 800-394-1128


plastimach CORP

This transmission is intended for the use of the person to whom it is addressed. We have contacted you in the past concerning the sale of used thermoforming equipment. If you are not the intended recipient, please notify us immediately by telephone or e-mail and we will delete your name from our system. We apologize for any inconvenience. Our toll free number is 800-394-1128 or 845-267-2985 or we may be reached by e-mail at plastimach@plastimach.com

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 12 CH 1695 |
| PLASTI-MACH CORP., ROBERT ROSEN and JOHN DOES 1-10, | ) ) ) |
| Defendants. | ) |

FILED APR 05 2012

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, G.M. SIGN, INC., by its attorneys, Anderson + Wanca and Bock & Hatch, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to December 10, 2010, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

> All persons who on or after a date five years prior to December 10, 2010, were sent telephone facsimile messages by or on behalf of Defendants.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, G.M. SIGN, INC., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

G.M. SIGN, INC., individually, and as the representative for a class of similarly-situated persons

By: /s/ Brian J. Wanca

One of the Attorneys for Plaintiff


Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
ARDC No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., #1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5500
ARDC No. 6224502